UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Walter Ivan Nunez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  14-1986 (UNA) |
| | ) | |
| Christopher R. Theyer, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff is a prisoner at the Federal Correctional Institution in Oakdale, Louisiana. He purports to sue United States Attorney Christopher R. Thyer (incorrectly spelled in the complaint as Theyer), Assistant United States Attorney Anne Gardner, both in the Eastern District of Arkansas, and Chief Judge Brian S. Miller of the U.S. District Court for the Eastern District of Arkansas. Plaintiff also names an individual identified as "Legal Counsel" of an unknown address. *See* Compl. at 4. The complaint consists of vague accusations about "[m]alfeasance of [o]ffice" and the use and acceptance of false documents. *Id.* at 5. Plaintiff seeks declaratory relief and an unspecified amount of monetary damages. *Id.*

Plaintiff has not stated any facts connecting each named defendant to the alleged wrongdoing and, thus, has failed to provide adequate notice of a claim. *See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (discussing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971)). To the extent that plaintiff is challenging a judgment of conviction, "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (citations omitted). Rather, such relief must be pursued under 28 U.S.C. § 2254 (state court judgments) or 28 U.S.C. § 2255 (federal court judgments) in an appropriate court designated by § 2255 or 28 U.S.C. § 2241(d). Hence, this case will be dismissed.

Date: February 9, 2015

United States District Judge

2